**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

Zhixin Pang,

              Petitioner,

      v.

Merrick B. Garland, U.S. Attorney
General,

              Respondent.

No. 22-120

Agency No.      A200-270-860

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 21, 2023[**]
San Francisco, California

Before: VANDYKE and SANCHEZ, Circuit Judges, and MURPHY,[***] District
Judge.

Zhixin Pang, a native and citizen of the People's Republic of China,

petitions for review of an amended final decision issued by the Board of

Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") order

denying asylum, withholding of removal, and protection under the Convention

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, siting by designation.

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1. "Where, as here, the BIA reviewed the IJ's credibility-based decision for clear error and relied upon the IJ's opinion as a statement of reasons but did not merely provide a boilerplate opinion," we review "the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's . . . decision in support of those reasons." *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014) (internal quotation marks and citations omitted). If the "totality of the circumstances" provides substantial evidence for an adverse credibility determination, we will uphold it. *Alam v. Garland*, 11 F.4th 1133, 1134, 1137 (9th Cir. 2021) (en banc).

Substantial evidence supports the agency's adverse credibility finding. Pang alleges that he was terminated from a company in China and later arrested and beaten by police officers because he reported fraudulent conduct at the company. After expressing confusion and providing Pang with multiple opportunities to clarify the record, the agency found Pang's testimony evasive and non-responsive. The agency also found Pang's testimony that he left the letter at the company inconsistent with the fact that Pang attached the letter of termination to his asylum application. The agency identified other inconsistencies between the letter of termination and his testimony. The record supports the agency's finding that Pang's testimony was evasive, non-responsive, and inconsistent with the documentary evidence. Even if Pang gave

2

a plausible account for some of these discrepancies, the agency was not compelled to accept his explanations. *See Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021); *Garcia v. Holder*, 749 F.3d 785, 790–91 (9th Cir. 2014).

2.     The record supports the agency's finding that the independent evidence failed to corroborate Pang's testimony or establish Pang's eligibility for asylum or withholding of removal. An affidavit from Pang's brother did not impact the agency's analysis because it was filed after the record closed, depriving the government of an opportunity to object or cross-examine Pang or Pang's brother as to its contents. *Cf. Alcaraz-Enriquez v. Garland*, 19 F.4th 1224, 1231 (9th Cir. 2021) (explaining that the admission of evidence at a removal proceeding must be fundamentally fair, which may include an opportunity to cross-examine witness). And the letter of termination itself contained several internal inconsistencies. The agency was within its discretion to give limited weight to these documents.

As the agency noted, "significant questions remain" about Pang's past persecution, whether the persecution was on account of a protected ground, and whether Pang has a well-founded fear of future persecution. Pang does not explain how the rest of the independent evidence—an affidavit from Pang's father, country conditions reports, and the household register—answers these

3

questions.[1]

3.     The record supports the agency's finding that Pang failed to establish eligibility for relief under CAT because there was insufficient evidence demonstrating that Pang would experience mistreatment rising to the level of torture.  The evidence does not compel the conclusion that an ongoing police search for Pang is likely to result in torture.  *See Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018).  As for country conditions reports, the record supports the agency's finding that these documents "indicate that there is mistreatment in Chinese prisons" generally but fail to show that Pang faces a particularized risk of torture in China.  *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–07 (9th Cir. 2022); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

The motion for a stay of removal, Docket Entry No. 3, is denied.  The temporary stay of removal is lifted.

**PETITION DENIED.**

---

[1] Pang's argument that the IJ was required to provide Pang with notice of corroboration and an opportunity to produce evidence or explain why it was unavailable is unpersuasive because this requirement only applies to applicants deemed credible. *See Ren v. Holder*, 648 F.3d 1079, 1091 n.11, 1093 (9th Cir. 2011); *see also* 8 U.S.C. § 1158(b)(1)(B)(ii).